FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MELISSA H.,

          Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No. 1:25-CV-03040-JAG

ORDER AFFIRMING
THE DECISION OF
THE ADMINISTRATIVE
LAW JUDGE

     **BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response and Plaintiff's Reply Brief.  ECF Nos. 10, 15, 16.  Attorney Amy Gilbrough represents Melissa H. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3.  After reviewing the administrative record and briefs filed by the parties, the Court affirms the Administrative Law Judge's (ALJ) decision.

## I.     JURISDICTION

     Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 11, 2021, alleging disability since July 6, 2019, due to osteoarthritis (all joints), uncontrolled hypertension, depression, anxiety, partial hearing loss in right ear, bilateral carpal tunnel, acid reflux,

ORDER AFFIRMING ALJ'S DECISION - 1

possible Huntington's disease, sleep apnea, and pain in the lower back, knees, neck, and shoulder.  Tr. 231, 285.  Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ).  Tr. 138.  A hearing was held on February 22, 2024, at which vocational expert Diana Kizer, and Plaintiff, who was represented by counsel, testified.  Tr. 44.  ALJ James Bentley presided.  Tr. 44.  At the hearing Plaintiff amended the onset date to June 1, 2021.  Tr. 17.  The ALJ denied benefits on March 20, 2024.  Tr. 14-36.  The Appeals Council denied review.  Tr. 1.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 26, 2026.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1974 and was 45 years old on the alleged onset date.  Tr. 34.  Plaintiff's past jobs included working at a convenience store.  Tr. 66.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

ORDER AFFIRMING ALJ'S DECISION - 2

*Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER AFFIRMING ALJ'S DECISION - 3

## V.    ADMINISTRATIVE FINDINGS

On March 20, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 14-36.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2021.  Tr. 19.

At *step two*, the ALJ found Plaintiff had the severe impairments of lumbar spine degenerative disc disease, bilateral carpal tunnel syndrome, status post right carpal tunnel release, right ear hearing loss, obesity, major depressive disorder, and generalized anxiety disorder.  Tr. 20.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> occasional climbing of ramps and stairs; no climbing of ladders or scaffolding; occasional stooping, kneeling, crouching, and crawling; frequent handling and fingering bilaterally; avoidance of concentrated exposure to loud noise; avoidance of unprotected heights and dangerous moving machinery. She can understand, remember, and apply simple instructions, make simple work-related decisions, and concentrate and persist for extended periods in order to complete simple work tasks with routine supervision. She can interact with and respond appropriately to others in a routine work setting on an occasional basis and incidental to the work being performed. However, she would need to avoid work-related interactions with the general public. She can adapt to a routine work setting where changes are infrequent, well-explained, and introduced gradually.

Tr 24.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a convenience store clerk.  Tr. 34.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of routing clerk, marker, and collator operator.  Tr. 35.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 36.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly assessing Plaintiff's residual functional capacity alleging that the residual functional capacity should have included limitations to Plaintiff's testimony regarding her ability to stand and walk, her need to lie down to control pain, and her inability to lift more than ten pounds.  ECF No. 10.

## VII.    DISCUSSION

### A.    Plaintiff's Subjective Statements.

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints.  ECF No. 10.  It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent

ORDER AFFIRMING ALJ'S DECISION - 5

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff's impairments could reasonably be expected to cause some of the symptoms she complained of, but her statements concerning "intensity, persistence and limiting effects of these symptoms not entirely consistent with the medical evidence and other evidence in the record," including "inconsistencies between diagnostic studies, objective examination findings, and other statements she has made." Tr. 25. The ALJ supported these conclusions with detailed citations to Plaintiff's medical history, statements Plaintiff made to providers, results of consultative examinations, and Plaintiff's extensive daily activities. Tr. 25-29. Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). When, as in this case, the ALJ relies upon objective medical evidence in conjunction with Plaintiff's own statements to providers as well as her daily activities, the ALJ's rejection of aspects of Plaintiff's testimony is supported by clear and convincing reasons.

**B.    Residual Functional Capacity.**

Plaintiff argues that the ALJ erred by failing to include limitations supported by Plaintiff's testimony. However, where the ALJ reasonably rejected symptom testimony, the RFC need not conform accommodate those symptoms. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009).

ORDER AFFIRMING ALJ'S DECISION - 6

## VIII.    CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1.    Defendant's request to affirm the decision of the ALJ, **ECF No. 15**, is **GRANTED**.

2.    Plaintiff's request for remand, **ECF No. 10,** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 23, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 7